UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER BERNARD TORNS                                                      PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:13CV272 DPJ-FKB

MAJESTIC BURGER COMPANY, ET AL.                                            DEFENDANTS

ORDER

This employment-discrimination case is before the Court on the motion [22] of Plaintiff Christopher Bernard Torns, proceeding *pro se*, for reconsideration of the Court's Order [20] granting Defendants' motion to dismiss. Defendants oppose the motion for reconsideration. The Court, having considered the parties' submissions in light of the applicable authority, finds Plaintiff's motion should be denied.

I.    Standard

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted). Extensions of time for filing Rule 59(e) motions are expressly prohibited pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure.

II.     Analysis

Plaintiff asserts that the two Mississippi Supreme Court cases cited within the Court's Order [20] do not contain specific statutory authority for the "employment at-will doctrine."[1] Pl.'s Mot. Recons. ¶¶ 1- 2 [22].  Further, Plaintiff states that "each of [the] cases relied on by the district judge says nothing to an at will employment of Mississippians."  *Id.* at ¶ 2 [22].

To the contrary, as referenced within the Court's Order [20], "Mississippi has followed the 'employment at will' doctrine since 1858."  Order [20] Dec. 18, 2013 at 2 (quoting *HeartSouth, PLLC v. Boyd*, 865 So. 2d 1095, 1108 (Miss. 2003)).  It is well settled that employers may terminate employees for "a good reason, a wrong reason, or no reason at all." *Brown v. Inter-City Fed. Bank for Sav.*, 738 So. 2d 262, 264 (Miss. Ct. App. 1999). Additionally, "where there is no statute upon the subject the common law prevails[.]"  *City of Jackson v. Wallace*, 196 So. 223, 225 (Miss. 1940).  Therefore, Plaintiff has failed to meet his burden under Rule 59(e) and the Court need not reconsider its Order.[2]

As for Plaintiff's alternative motion for an extension of time within which to complete and submit a motion to alter the judgment, the Court "must not extend the time to act" under Rule 59(e).  Fed. R. Civ. P. 6(b)(2).

---

[1] *See* Order [20] Dec. 18, 2013 at 2 (citing *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 852 So. 2d 25, 26 (Miss. 2003); *HeartSouth, PLLC v. Boyd*, 865 So. 2d 1095, 1108 (Miss. 2003)).

[2] Since Plaintiff's complaint [1] failed to establish cognizable claims necessary to survive Defendants' motion to dismiss [17], and the instant motion fails to establish manifest error of law or fact, Plaintiff's request for extension of time [23] to serve process for Defendant Arlene Caviness is moot.

III.     Conclusion

The Court has considered all the parties' arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Plaintiffs' Motion to Amend/Alter or for Reconsideration [22] is denied.

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE